AF Approval

Chief Approval

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 8:21-cr-192-VMC-CPT

BROOKE SHAWNTAYE SPARKS

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, Brooke Shawntaye Sparks, and the attorney for the

defendant, Sara L. Mieczkowski, mutually agree as follows:

### A.    Particularized Terms

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Count One and Count Four

of the Indictment.  Count One charges the defendant with Production of Child

Pornography, in violation of 18 U.S.C. § 2251(a). Count Four charges the

defendant with Possession of Child Pornography, in violation of 18 U.S.C. §

2252(a)(4)(B) and (B)(2).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of 15 years up to 30 years, a fine of up to $250,000, a term of

Defendant's Initials

supervised release of at least five years up to life, and a special assessment of $100 per felony count for individuals. Count Four is punishable by up to 20 years' imprisonment, a fine of up to $250,000, a term of supervised release of at least five years up to life, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act.

3.      Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

> First:      An actual minor, that is, a real person who was less than 18 years old, was depicted;
>
> Second:   The defendant used the minor to engage sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Defendant's Initials                     2

| Third: | The visual depiction was mailed or actually transported in interstate or foreign commerce. |

The elements of Count Four are:

| First: | That the defendant knowingly possessed one or more matters that contained any visual depiction of a minor engaged in sexually explicit conduct; |

| Second: | Such visual depiction had been mailed, shipped, or transported in interstate or foreign commerce, by any means, including by computer; |

| Third: | That such visual depiction is of a minor engaged in sexually explicit conduct; and |

| Fourth | That the defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct. |

## 4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with

committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

## 5. Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to

known victims, including G.S., for the full amount of the victims' losses as

Defendant's Initials                 3

determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. The victims include G.S. and any identified or non-identified child pornography victims.

6.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.      Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is

Defendant's Initials _____                    4

not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a

Defendant's Initials _BJ_                    5

full and complete disclosure of all relevant information, including production

of any and all books, papers, documents, and other objects in defendant's

possession or control, and to be reasonably available for interviews which the

United States may require.  If the cooperation is completed prior to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion at the time of sentencing recommending (1) a downward departure

from the applicable guideline range pursuant to USSG §5K1.1, or (2) the

imposition of a sentence below a statutory minimum, if any, pursuant to 18

U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion for a reduction of sentence within one year of the imposition of

sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida, and

Defendant's Initials _____                6

the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

10.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging

Defendant's Initials _BA_                7

instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United

Defendant's Initials _BS_                    8

States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this

Defendant's Initials ___

9

agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

11.     Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which she has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

Defendant's Initials _BB_                    10

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: Dell Laptop Computer Inspiron; HP Laptop Computer; Samsung Notebook (2); ~~HP Pavilion Desktop; Samsung cellular phone~~; Motorola cellular phone; ~~Apple iPad~~; Motorola cellular phone; Samsung cellphone black; Samsung cellphone pink; Samsung cellphone tiffany; ~~Apple iPhone~~; Motorola cellphone Verizon; ~~Sony handy cam; HP desktop computer~~.

12.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The

Defendant's Initials ____        11

defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Title 42 U.S.C., Section 16913 requires convicted sex offenders to register. A sex offender is defined in 42 U.S.C. § 16911 to include any defendant who has been convicted of violations of 18 U.S.C. §§ 1152, 1153, 1591, 2241, 2252, 2244, 2422(b), 2423(a), 2244, and any offense under Chapters 109A, 110 (other than §§ 2257, 2257A and 2258) or 117 of Title 18. Any person who is convicted of possession, receipt, distribution, or manufacturing of child pornography must register.

There is a violation of knowingly failing to register. 18 U.S.C. § 2250. Placing this notice in the plea agreement will give us (or another prosecutor) evidence of knowledge of the registration requirement.

## B.   **Standard Terms and Conditions**

### 1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

Defendant's Initials _____                12

3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.  Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _BS_                    13

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial

Defendant's Initials                    14

statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or

Defendant's Initials _BB_          15

defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence

Defendant's Initials _BA_                16

exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials⟋⟍    17

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials _B&_                18

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### FACTS

In or around April 2021, Brooke Sparks used multiple platforms to transmit and receive images and videos of child pornography. HSI Tampa received a tip from both the Australian Federal Police and the National Center for Missing and Exploited Children (NCMEC) that she was sharing child pornography via Facebook.

Specifically, Facebook reported "Brooke Shawntaye" uploaded an image of child pornography to the Facebook platform. This Facebook user

Defendant's Initials ⟨B⟩          19

was revealed to be Brooke Shawntaye Sparks, who lived in St. Petersburg,

Florida. The Australian Federal Police had their own suspect, G.M., that

provided communications from a chat application named "Line" involving

Sparks. These discussions involved a three-year-old child and a nine-year-old,

G.S. After receiving a video, the following conversation ensued:

> SPARKS: Is that G.C.?
>
> G.M.: Yes
>
> SPARKS: Mmmmmm thank you baby
>
> SPARKS: Are you alone?
>
> SPARKS: Did you get to touch him?
>
> G.M.: Unfortunately I'm not alone…as soon as I went ot his
>
> mother started coming up the hall way
>
> SPARKS: Okay baby
>
> SPARKS: Thank you so much for showing me his smooth little
>
> cock
>
> G.M.: You wait till it is just me and him……I'll show u what it
>
> looks like hard [2 winking emojis]
>
> SPARKS: Mmmmm baby
>
> SPARKS: Would you be upset if I told you I want to suck it

Defendant's Initials [signature]                    20

G.M.: Mmmmmmmmmmmm baby....I'd let you suck it ...then

ride it

G.M.: [4 drooling emojis]

SPARKS: I'd want to get on my back and hold my legs up so you

could watch his cock Go into me baby

A federal search warrant was signed and executed on April 28, 2021. Agents seized electronic devices that belonged to Sparks. Images and videos of child pornography were discovered on her cellphone. Further, text messages between Sparks and an unknown individual revealed Sparks received images of child pornography. One of the images is a known image of child pornography and can be described as follows:

PART_1617264755788_image000001: The image depicts a pubescent female between the ages of 14 and 17. The female appears naked in a bathtub and her breasts are exposed to the camera in a lewd and lascivious manner.

HSI computer forensics agents also discovered a set of child pornography videos that were produced by Sparks. These involved G.S. Sparks is seen exposing his penis and performing oral sex on the child in the videos. Certified Forensic Agents also discovered a set of child pornography videos that appear to be produced by Sparks in sequential order. Two of the videos can be described as follows:

Defendant's Initials ____                    21

    a.  2A95F2E18A063B9762221CF99FC78350:

This video is seven seconds and depicts G.S. A female hand appears to touch a prepubescent male's genitals over underwear and touch underneath the leg and top openings of the underwear. The female hand pulls down the underwear exposing the prepubescent male's genitals. The origin date of this video is April 2, 2021.

    b.  7F1BAF68AEBB741D81B4B19CB5D2EB37:

This video is ten seconds and depicts G.S. The prepubescent male is laying on his back and is wearing underwear, but his penis is exposed to the camera. The camera is focused on the genitals. SPARKS can be heard to say, "let me see." SPARKS then conducts oral sex on the prepubescent male. The origin date of this video is April 4, 2021.

There were three videos of child pornography distributed to G.M. in the Line application recovered on Sparks' cellphone. The origin date of this video is April 11, 2021 and can be described as follows:

029386E4B09BCB95FCA1D6042BF70FD3: A female hand appears to touch a G.S.'s genitals over underwear and touch underneath the leg and top openings of the underwear. In one of the videos the female hand pulls down the underwear exposing the prepubescent male's genitals.

Defendant's Initials _____        22

Sparks agreed to speak with agents during the execution of the warrant. She admitted the cellphone belonged to her and provided agents with the passcode. She identified herself as the online identity "Brooke Shawntaye." She told agents she distributed and received child pornography from multiple individuals across multiple applications, including the Australian suspect, G.M. She admitted to producing child pornography with G.S. and distributing them to individuals online.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea..

Defendant's Initials ⟨signature⟩          23

13.  Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that

defendant fully understands its terms.

DATED this __23__ day of ~~July~~, 2022.
       December

ROGER B. HANDBERG
United States Attorney


Brooke Shawntaye Sparks
Defendant

Erin Claire Favorit
Assistant United States Attorney


Sara L. Mieczkowski
Attorney for Defendant

Stacie B. Harris
Assistant United States Attorney
Chief, Special Victims Section