UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:21-cr-192-VMC-MRM

BROOKE SHAWNTAYE SPARKS

## SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting that this Court sentence the defendant, Brooke Sparks, to a guidelines sentence of 480 months' imprisonment followed by a lifetime term of supervised release. In support thereof, the United States submits as follows:

### I.     Background

In April 2021, Homeland Security Investigations (HSI) in Tampa received information from the Australian Federal Police that Brooke Sparks, an individual residing in the Middle District of Florida, was using multiple online platforms to transmit and receive images and videos of child pornography with an Australian citizen that was arrested for child pornography. Additionally, around the same time HSI Tampa received a tip from the National Center for Missing and Exploited Children (NCMEC) that she was sharing child pornography via Facebook.

The Australian Federal Police had their own suspect, G.M., that provided communications from a chat application named "Line" involving Sparks.  These

discussions involved a three-year-old child and a nine-year-old, G.S. After receiving
a video, the following conversation ensued:

SPARKS: Is that G.C.?

G.M.: Yes

SPARKS: Mmmmmm thank you baby

SPARKS: Are you alone?

SPARKS: Did you get to touch him?

G.M.: Unfortunately I'm not alone…as soon as I went ot his mother started
coming up the hall way

SPARKS: Okay baby

SPARKS: Thank you so much for showing me his smooth little cock

G.M.: You wait till it is just me and him……I'll show u what it looks like hard
[2 winking emojis]

SPARKS: Mmmmm baby

SPARKS: Would you be upset if I told you I want to suck it

G.M.: Mmmmmmmmmmmm baby….I'd let you suck it …then ride it

G.M.: [4 drooling emojis]

SPARKS: I'd want to get on my back and hold my legs up so you could watch
his cock Go into me baby

A federal search warrant was signed and executed on April 28, 2021.
Agents seized electronic devices that belonged to Sparks. Images and videos of child
pornography were discovered on her cellphone. Further, text messages between

2

Sparks and an unknown individual revealed Sparks received images of child pornography. One of the images is a known image of child pornography and can be described as follows:

PART_1617264755788_image000001: The image depicts a pubescent female between the ages of 14 and 17. The female appears naked in a bathtub and her breasts are exposed to the camera in a lewd and lascivious manner.

HSI computer forensics agents also discovered a set of child pornography videos that were produced by Sparks. These involved G.S. Sparks is seen exposing his penis and performing oral sex on the child in the videos.  Certified Forensic Agents also discovered a set of child pornography videos that appear to be produced by Sparks in sequential order. Two of the videos can be described as follows:

a.  2A95F2E18A063B9762221CF99FC78350:

This video is seven seconds and depicts G.S. A female hand appears to touch a prepubescent male's genitals over underwear and touch underneath the leg and top openings of the underwear. The female hand pulls down the underwear exposing the prepubescent male's genitals. The origin date of this video is April 2, 2021.

b.  7F1BAF68AEBB741D81B4B19CB5D2EB37:

This video is ten seconds and depicts G.S. The prepubescent male is laying on his back and is wearing underwear, but his penis is exposed to the camera. The camera is focused on the genitals. SPARKS can be heard to say, "let me see."

3

SPARKS then conducts oral sex on the prepubescent male. The origin date of this video is April 4, 2021.

There were three videos of child pornography distributed to G.M. in the Line application recovered on Sparks' cellphone. The origin date of this video is April 11, 2021 and can be described as follows: 029386E4B09BCB95FCA1D6042BF70FD3: A female hand appears to touch a G.S.'s genitals over underwear and touch underneath the leg and top openings of the underwear. In one of the videos the female hand pulls down the underwear exposing the prepubescent male's genitals.

Consequently, Sparks pleaded guilty to Counts One and Counts Four, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e) and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) on January 30, 2023. Doc. 89, 90.

## II.     Presentence Investigation Report

On May 9, 2023, the U.S. Probation Office issued its Amended Final Presentence Investigation Report (PSR). Doc. 100. Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range is life in prison. However, the applicable guideline range is higher than the statutorily maximum sentence of 40 years; therefore, Sparks' applicable guidelines range for the underlying offense is 480 months. USSG § 5G1.2(b) and (d). Sparks' applicable period of supervised release is five years to life. PSR ¶ 118. Sparks has not set forth any factual or legal objections to the PSR's information or guideline calculations that have not already been resolved.

## III.    <u>Argument for 480 Months' Imprisonment</u>

A guidelines sentence of 480 months is necessary due to the nature and circumstances of Sparks' offenses, and for both deterrence of these crimes and for the protection of the public against her. *See* 18 U.S.C. § 3553(a). The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A consideration of these factors warrants a guideline sentence.

### A.    Nature and Circumstances of the Offenses

The nature and circumstances of Sparks' offenses are, taken alone, abhorrent. Sparks manipulated her own minor child by sexually abusing him for the purpose of

5

producing child sex abuse material to trade with a stranger on the internet. Not only was she sexually abusing her own child, a crime that qualifies as a capital sexual battery in the State of Florida, Sparks was also encouraging G.M. to touch his own child, document it, and share it with her.

When agents discovered Sparks and seized her devices, multiple videos of child sexual abuse were discovered. Unfortunately, a set of those videos were found to be produced by Sparks herself. When agents viewed the victim, they knew who the child was. Sparks had been grooming her own child to created child sexual abuse material. As if that wasn't enough, she ensured his victimization was recorded and preserved for eternity.

Within the conversations Sparks was producing the child sexual abuse material for, it was a rare opportunity to see inside the mind of Sparks. When she was having these conversations with G.M. she was clearly unaware that law enforcement, the public, or this court would be reading her requests.

Despite being aware of G.S.'s very young age and her biological relation to him, Sparks crossed legal, ethical, and moral lines by continuing her sexual pursuit of G.S. for her benefit. The facts of this case and Sparks' conduct demand at least a guidelines sentence of 480 months' imprisonment, to represent the harm caused to G.S.

**B.**     **History and Characteristics of the Defendant**

Sparks' history and characteristics also weigh in favor of a 480-month imprisonment sentence. While Sparks has significant mental, emotional, and

physical health concerns, in addition to childhood trauma, the history and characteristics of Sparks do not come close to excusing or weighing in favor of a reduced sentence. Sparks knew her conduct was wrong as evidenced by her ability to keep her sexual abuse pf G.S. hidden from her own live-in mother. Only after Sparks' predatory conduct was brought to light did she exhibit any remorse for the harm she effectuated.  Her actions are demonstrative of an individual who requires drastic mental health treatment and remains a threat to those most vulnerable in our communities – children.

A lifetime term of supervised release to follow her term of imprisonment is not only reasonable but necessary for Sparks. Her behavior needs to be monitored until she is rehabilitated, which may never occur.

A sentence of 480 months' imprisonment followed by a lifetime of supervised release is necessary to address the harm Sparks' conduct has inflicted on G.S., to restore public confidence and protect minor children who may interact with Sparks in the future.

**C.      Seriousness of the Crime, Promoting Respect for the Law, and the Need for Just Punishment**

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009)

(discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence. *See Irey*, 612 F.3d at 1206.

Sparks' violating conduct shows she has no respect for the law. She continued to put her destructive desires and grooming of G.S. above her role as a mother. In addition to grooming and sexually exploiting G.S., she preserved his exploitation on the internet, allowing those she shared it with to relive his exploitation repeatedly. The only way to promote respect for the law in this case and help restore confidence is to sentence Sparks to a guideline sentence.

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class…" *Smith v. Doe*, 538 U.S. 84, 103 (2003). Sparks fits well within that class. Her sexual exploitation of G.S. evidences a probability of recidivism. *See, e.g., United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism and

their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). A strong need exists to protect children in the community from Sparks.

**IV.    Conclusion**

Sparks' freedom and autonomy on the internet are incompatible with the safety of children in our community. A guidelines sentence of 480 months followed by a lifetime of supervised release is required to reflect the seriousness of Sparks' crimes, provide just punishment for those crimes, to protect the children in the community, and promotes respect for the law.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:    */s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone:  (813) 274-6000
Fax:    (813) 274-6103
Email: erinfavorit@usdoj.gov

**U.S. v. Sparks**                                    **Case No. 8:21-cr-192-VMC-MRM**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Sara Mieczkowski, Esq.

*/s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone:  (813) 274-6000
Fax:    (813) 274-6103
Email: erin.favorit@usdoj.gov

10